The opinion of the Court was delivered by
Cheves, J.
The Act of Assembly of 1720[1] P. L. 109, 2 Brev. Dig. 166l, requires, where the service cannot be personal, that it shall be “ by leaving a true copy of the writ at the dwelling house, or the most usual and notorious *place of the residence or habitation of the defendant.” The Act of 1736-7, P. L. 145, 2 Brev. Dig. 167,[2] directs, that it “ shall be delivered to, or left at the usual place of abode of the defendant or defendants, with some white person, if there be any such person to be found at the defendant’s or defendant’s place of abode, or otherwise to be left at some obvious part of the house.'1'1
I admit, that these Acts are to be expounded with much latitude of construction, but it will be enough, surely, if both the intention of the Legislature, and the letter of the law, be observed. The Act of 1736-7, which is the one on which the question turns, does not require the copy writ to be left in the body of the dwelling house, but, as if a ease like the present had been anticipated, where the entrances were, in effect, heremetically sealed, it only requires that it should be left at some obvious part of the house. This distinction was too obvious not to be seen and felt by the counsel for the motion, who could not deny, that if the copy had been left on the floor of the piazza, and not delivered into the hands of the negro woman, the service would have come within the provisions of the law.
The question, therefore, is, whether delivering it into the hands of this person, at an obvious part of the house, was not leaving it at an obvious part of the house ? The negative of the question would seem to be, at least paradoxical. The mere statement shows it was left at an obvious part of the house, and that there was a literal compliance with the requisition of the Act. It was not the less a leaving at an obvious part of the house, because it was put into the hands of a moral agent, instead of being thrown on the floor, to be carried whithersoever the next puff of wind should have wafted it.
It was argued, however, that it was the intention of the Legislature to forbid the delivery to a negro, as it had provided that this delivery should be to some white person. But the Act contemplates two cases ; 1. A delivery to a white person, within the curtilage of the defendant’s abode, but it need not be at some obvious part of the house. In such case, leaving the copy writ *with a negro, would be bad; and in this case, if the delivery had been out of the piazza, though within a foot of it, I should have held the service bad. 2. The Act contemplates a service at some obvious part of the house, when there is no white person present. The essence of the provision in this last case, is the place. In the former, it was the person. Where, then, there has been a literal and sensible compliance with the requisition of the Act, the service cannot be vitiated by doing a further act, useful in itself, and compatible with the object of the law. How useful an Act it was, is proved by the facts of this case ; for, if the white agent had been as faithful as the black one, the process would, nc doubt, have regularly reached the hands of the defendant.
The motion, therefore, ought to be refused.

 3 Stat. 118.

 7 Stat. 190.